**STEIN v KISTNER, Exr, Etc**

Ohio Appeals, 1st Dist, Hamilton Co

No 4463. Decided Jan 8, 1934

DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff in error.

John M. McCaslin, Cincinnati, and George A. Dornette, Cincinnati, for defendant in error.

## OPINION

### By HAMILTON, PJ.

The evidence is that Katherine M. Westerman at the time she met her death was about 58 years of age. She left a brother and sister. The sister was 65 years of age. The sister's husband was unable to work and support her. The deceased assisted her in many contributions to the extent of $5.00 to $10.00 per week, and had done so for about four years prior to the death of deceased. These contributions give rise to the inference that she was contributing approximately $400 per year in aiding her sister. There is no evidence that the deceased contributed anything to the support of her brother. How long these payments would be made was for the jury to infer. These contributions alone might have reached the amount of the verdict. However, that may be, there still remained the expectation of sharing in her estate. This brings into question the admissibility of the will.

At the time of the execution of the will, decedent's father was apparently alive, since he was made a beneficiary under the will. The will left a legacy of but $5.00 each to the brother and sister. It is therefore apparent that the family relationship was entirely different at the time of decedent's death from that which existed at the time of the execution of the will.

It is suggested that the will had not been changed at the time of the death of Katherine M. Westerman, thereby indicating that in so far as her estate was concerned, the sister and the brother would not share other than in the small legacy.

The fact that the deceased contributed liberally to her sister during the last four or five years of her life indicates the change in the family relationship and the deceased's thoughtfulness for her sister. Had she not met her untimely death, she may have changed her will, making the sister and brother the beneficiaries. These suggestions indicate the lack of probative value to be attached to the will executed some sixteen years prior to her death.

Enough has been said to show the lack of probative value of the will if admitted. We are not holding that under no circumstances should a will be admitted to show the family relationship as bearing on the expectation of sharing in an estate. We are only holding that in this case the exclusion of the will was in no wise prejudicial to the defendant, plaintiff in error here, especially so, in view of the fact that the assistance proven to have been rendered by Katherine M. Westerman to her sister, cut off by the untimely death of the decedent, would approximate the amount of the verdict. The jury could so infer without being manifestly wrong.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.